119 F.3d 6
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert S. HOYT, Plaintiff-Appellant,
v.
DOLE PACKAGED FOODS COMPANY, a California corporation,
Defendant-Appellee.
 No. 96-56041.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
Decided July 18, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-07436-SVW; Stephen V. Wilson, District Judge, Presiding.
 Before: HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert S. Hoyt appeals the district court's summary judgment dismissal of his employment discrimination action under the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621, the Fair Employment and Housing Act (the "FEHA"), Cal.Civ.Code § 12900, and California wrongful termination law. Hoyt contends that the district court erroneously granted summary judgment for Dole Packaged Foods Company ("Dole") because he offered sufficient evidence to show that Dole's proffered reasons for terminating him were a pretext for age discrimination. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Schnidrig v. Colombia Machine, Inc., 80 F.3d 1406, 1408 (9th Cir.), cert. denied, 117 S.Ct. 295 (1996), and we affirm.
 
 
 3
 Hoyt contends that Dole engaged in age discrimination when it (1) terminated him, instead of a younger, less experienced regional sales manager ("RSM"); and (2) failed to consider him for vacant positions for which he was qualified. We disagree.
 
 
 4
 The purpose of the ADEA is to prevent discrimination in the workplace, not act as a general regulation of employers hiring, promoting, and terminating decisions. See McKennon v. Nashville Banner Publ'g Co., 115 S.Ct. 879, 886 (1995). To prevail in an age discrimination case under the ADEA, the plaintiff must first establish a prima facie case of illegal discrimination. See Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994). Once a prima facie case is established, the defendant must articulate nondiscriminatory reasons for the challenged conduct. See id. Finally, the plaintiff must proffer evidence that the defendant's alleged reasons are merely a pretext for a discriminatory motive. See id.
 
 
 5
 A person establishes a prima facie case of age discrimination under the ADEA if he can show that he was (1) 40 to 70 years old when the action occurred; (2) performed his job satisfactorily; (3) was discharged; and (4) replaced by a younger, less qualified employee or that his skills were still needed by the company and still being performed. See Nidds v. Schindler Elevator Corp., No. 95-15090, 1996 WL 880609, at * 4 (9th Cir. Apr. 30, 1997); Wallis, 26 F.3d at 891.
 
 
 6
 Historically, plaintiffs have successfully demonstrated a genuine issue of material fact as to pretext by offering evidence of (1) direct or indirect remarks made by senior-level decision makers, within the scope of their employment, regarding employees' ages as they pertain to assignments, promotions, or policies, see Schnidrig, 80 F.3d at 1410 (pretext shown where director stated plaintiff was not being considered because they wanted younger person and statements accompanied by minutes specifying desirable age range); (2) statistical evidence of discrimination; (3) direct testimony of employees who participated in the discriminatory conduct under direction from their superiors; and (4) documentary evidence of discriminatory intent, motive, practice or policy. See Mangold v. Cal. Pub. Util. Comm'n, 67 F.3d 1470, 1474, 1476-77 (9th Cir.1995) (plaintiffs prevailed where disparaging statements made by high-level officials were accompanied by statistical evidence and testimony that employees were pressured to lower test scores of older employees and raise test scores for younger employees).
 
 
 7
 Stray, ambiguous, general remarks are not sufficient evidence to defeat summary judgment. See Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1438-39 (9th Cir.1990). Employers have no duty to transfer employees to new positions after downsizing. See Rose v. Wells Fargo & Co., 902 F.2d 1417, 1422 (9th Cir.1990).
 
 
 8
 Here, the district court found that Hoyt established a prima facie case of discrimination but failed to adequately rebut Dole's nondiscriminatory reasons for his termination. Hoyt argues that, although Dole's reasons for the reorganization were nondiscriminatory, employees 40 years old and over were ultimately treated worse than younger employees. In support of his contention, Hoyt showed that he was 49 years old when terminated; had satisfactory job evaluations; was terminated; and that Dole retained a much younger RSM who took over his duties. See Nidds, 1996 WL 880609, at * 4. Additionally, Hoyt offered evidence: (1) of an alleged secondhand remark by the senior vice-president that he wanted a young, inexperienced, more promotable person for the Los Angeles RSM position; (2) that all terminated RSMs were over 40 years old, except one; (3) that Dole hired three young RSMs from outside of the company shortly after he was terminated; (4) that he was not considered for other positions within the company; (5) that other terminated employees were placed in new positions; and (6) that Dole had a policy of reassigning laid-off employees.
 
 
 9
 At first blush, Hoyt's claim is convincing. However, he fails to raise a genuine issue of fact regarding pretext for several reasons. First, Hoyt offers no evidence to rebut Dole's claim that its decision to retain the San Francisco RSM was based solely on economics, not seniority and work performance. Second, Hoyt assumes that he was not considered for other positions within the company, because he was not offered a new position. However, he offers no proof that his alleged request to be considered for open positions was conveyed to the appropriate officials. There is also no evidence that Hoyt formally applied for any of the vacant positions or followed up on his alleged request. Third, Hoyt offers no direct evidence to support his claim that Peter Nolan, the Senior Vice President of Sales and Marketing Services, made an ageist comment regarding a candidate for the Los Angeles RSM position. Even if Nolan made the comment, it was a "stray" remark because it was not made with regard to an employee, and did not affect any employee's ability to obtain assignments or receive promotions. See Schnidrig, 80 F.3d at 1410. Fourth, the documentary and testimonial evidence was not strong enough to establish that Dole had a policy of finding new positions for terminated employees, since it related to the personal habits of some managers and, because Dole proffered nondiscriminatory reasons for reassigning the employees in question. There was also no evidence that Dole, in terminating Hoyt, violated a company policy of removing younger employees from their positions in favor of more senior employees. Finally, Hoyt offers no information, statistical or otherwise, to support his claim that Dole's hiring of three new RSMs, all under the age of 40, was evidence that Dole discriminated against him because of his age.
 
 
 10
 Because the ADEA cannot be used to second guess Dole's business decision to terminate Hoyt, without proof of age discrimination, see McKennon, 115 S.Ct. at 886, and because Dole had no duty to reassign Hoyt, see Rose, 902 F.2d at 1422, the district court did not err by granting summary judgment for Dole. See Schnidrig, 80 F.3d at 1408.[1]
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4. Accordingly, Hoyt's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because we affirm the grant of summary judgment, we decline to address the issue of whether or not ADEA applies to individual employees